UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| HT REDMOND LLC, a Washington limited liability company,<br><br>        HT Redmonds,<br><br>    v.<br><br>HK HEYCHA LIMITED d/b/a HEYTEA, a Hong Kong limited company; XIAOBIN XU, an individual; ZHICHAO LIU, an individual; JOHN DOES 1-10, d/b/a HEYTEA<br><br>        Defendants. | No.<br><br>COMPLAINT<br><br>**JURY TRIAL DEMANDED** |

## I.      INTRODUCTION

1. HT Redmond LLC ("HT Redmond"), an entity which sought to open a retail beverage franchise, brings this action against Defendant HK Heycha Limited ("Heytea"), a supposed franchisor located in Hong Kong. The use of the word "supposed" is important—despite publicly holding itself out as a Washington franchisor, Heytea was nothing of the sort. Since February 2024, Heytea has been seeking approval from the Washington Department of Financial Services ("DFI") to become a Washington franchisor. It does not appear to have prospects to ever secure DFI approval.

2. For the last nineteen months, DFI repeatedly warned Heytea that it was "unlawful for any franchisor to offer and sell franchises in Washington before a franchise offering has been

COMPLAINT - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE:  +1 206 623 7580
FACSIMILE: +1 206 623 7022

registered and our office has issued a permit." Heytea ignored DFI's warnings. Instead, Heytea offered and sold two other businesses illegal and unregistered franchises, located in Bellevue and Seattle (South Lake Union). After DFI discovered these unauthorized franchises, it sought clarity from Heytea. In a June 14, 2025 response, Heytea stated it had not "conducted any activities in the State of Washington that can be described as off [sic] and sale of the franchise," asserting the Bellevue and South Lake Union retail stores merely licensed the Heytea trade name.

3.  HT Redmond is informed and, on that basis believes, that the Bellevue and South Lake Union Heytea locations were not licensees, but were in fact unlawful franchisees, who executed substantially the same self-titled franchise agreement presented to HT Redmond. HT Redmond is also informed and, on that basis believes, Heyea compelled these entities to sign fraudulent, backdated license agreements to present to DFI. Heytea's subterfuge did not work. DFI ultimately did not approve Heytea as a franchisor, rendering any franchise activity illegal. DFI, however, went further. On September 22, 2025, DFI referred this matter to its Enforcement Unit for investigation:

> This matter is being referred to the Enforcement Unit for investigation of possible unregistered offers and sales of franchises in the form of license agreements in violation of RCW 19.100.020 by [Heytea].

4.  Heytea's actions with respect to HT Redmond were just as egregious. For two years, Heytea represented that it was a Washington franchisor able to award a franchise agreement. There is no dispute the Heytea-HT Richmond arrangement was *supposed* to be a franchise: the contract between Heytea and HT Redmond was entitled "Franchise Agreement." Likewise, Heytea provided HT Redmond with a "Franchise Disclosure Agreement," stating that "You [i.e., HT Redmond] will operate a Heytea Franchise (a 'Franchise') which offers a variety of favor tea series [sic] to the public . . . ." HT Remond, relying on Heytea's repeated representations, entered into this agreement (the "Purported Franchise Agreement") in July 2024. Throughout their entire two-

COMPLAINT - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

year arrangement, Heytea consistently and completely fabricated its authority as a Washington franchisor able to provide HT Redmond a legitimate franchise.

5. Heytea's misconduct continued after it fraudulently induced HT Redmond to enter into the Purported Franchise Agreement. After securing HT Redmond as a "franchisee," Heytea either demanded or encouraged HT Redmond engage in illegal conduct (over HT Redmond's objections). These actions included: i) After HT Redmond informed Heytea certain Heytea-supplied franchise equipment did not meet Washington health regulations, Heytea asked HT Redmond to procure equipment that was compliant with Washington law to establish the requisite paper trail, but to actually purchase and use the non-compliant equipment from Heytea for operations; ii) Heytea directed HT Redmond to take actions which, if HT Redmond had complied (it did not) would have violated Washington state labor laws.

6. Heytea's fraudulent and illegal misconduct has ruined HT Redmond's prospects. Heytea was not, is not, and as a result of their fraud on DFI, very likely never will be an authorized franchisor in the State of Washington. Given this fact, as well as other significant issues regarding how Heytea conducts business, HT Redmond is unable to open a Heytea franchise. HT Redmond has spent more than $800,000 in hard costs alone, including the franchise fee, equipment, inventory and leasehold improvements. But these costs are not nearly as high as HT Redmond's ultimate damage claim, given the direct, indirect, and lost profit damages it has sustained. In this action, HT Redmond seeks all of these damages, trebling of such damages, as well as attorneys' fees.

## II.  PARTIES

7. HT Redmond is a Washington limited liability company with its principal place of business at 16595 Redmond Way, Suite 165, WA 98052. HT Redmond's principal business is to operate a commercial food and beverage facility.

8. Defendant Heytea is a Hong Kong limited company with its principal place of business at 9/F., MW Tower, No. 111 Bonham Strand, Sheung Wan, Hong Kong. Heytea's

COMPLAINT - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

primary business is the operation and franchising of consumer beverage businesses focusing around the "new-style tea movement," which involves the sale and promotion of teas indigenous to China. On information and belief, Heytea owns or franchises over 4,000 tea stores in more than 300 cities worldwide.

9. Defendant Zhichao Liu is a Chinese citizen who co-founded Heytea, serves as a director of Heytea, executed the Franchise Agreement on behalf of Heytea, and otherwise was a person in act of control of Heytea's franchising activities under RCW 19.100.010.

10. Defendant Xiaobin Xu is a Chinese citizen who serves as Heytea's General Manager of International Business Department and was a person in act of control of Heytea's franchising activities under RCW 19.100.010.

11. Defendants Does 1–10 are other entities or persons who controlled or effectively controlled Heytea or who were individual officers, directors, and other persons in act of control of Heytea's franchising activities under RCW 19.100.010.

### III.  JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because this action is between a citizen of this State and citizens of a foreign State and the amount in controversy exceeds $75,000.

13. The Court has personal jurisdiction over Defendants because they have submitted to jurisdiction under RCW 19.100.160 by engaging in the attempted sale and offering of franchises in Washington. RCW 19.100.160 (providing that any person "engaged directly or indirectly in the sale or offer to sell a franchise . . . or in business dealings concerning a franchise . . . shall be amenable to the jurisdiction of the courts of this state"). This Court also has personal jurisdiction over Defendants under RCW 4.28.185 and 19.86.160. HT Redmond's claims arise directly from Defendants' contacts with the State of Washington, and Defendants have engaged in substantial business activities in or directed at Washington and have purposefully availed themselves of the privilege of doing business in this forum.

COMPLAINT - 4

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

14. Venue is proper in the United States District Court for the Western District of Washington under 28 USC § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this District, and the parties agreed in Exhibit G to the Purported Franchise Agreement that "a franchisee may bring an action or proceeding arising out of or in connection with the sale of franchises, or a violation of the Washington Franchise Investment Protection Act, in Washington."[1]

### IV.   STATEMENT OF FACTS

**A.   Heytea seeks, but does not secure, registration as a Washington franchisor.**

15. In 2023, Heytea sought to capitalize on its surging popularity on social media by quickly expanding operations outside of China. One of Heytea's focuses was expansion within the United States, including the State of Washington, where it sought to solicit potential franchisees to open retail operations.

16. On February 3, 2024, Heytea applied with DFI seeking to become a licensed franchisor, as required under RCW § 19.100.020. Heytea expressed urgency with respect to DFI's review of Heytea's licensure but agreed with DFI that there would be "no offer or sales of franchises . . . made in Washington until the registration is made effective by the Director."

17. On April 29, 2024, DFI responded to Heytea with an initial comment letter finding, among other things, that Heytea's draft Franchise Disclosure Document was "substantially incomplete." In this letter, DFI reiterated it was "unlawful for any franchisor to offer and sell franchises in Washington before a franchise offering has been registered and our office has issued a permit." Heytea acknowledged DFI's letter and submitted a revised application and Franchise Disclosure Document on July 10, 2024.

---

[1] While Section 17G of the Franchise Agreement states that actions must be brought in China, Section 17G is inapplicable because it is subject to Exhibit G under the Franchise Agreement's terms and would otherwise be unenforceable due to lack of mutual assent and void as contrary to the fundamental policy of Washington.

COMPLAINT - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

18. On August 1, 2024 DFI issued a second comment letter identifying a substantial number of additional deficiencies in Heytea's application. DFI then notified Heytea that it may have opened an unauthorized Heytea franchise in Bellevue and requested that Heytea "describe any activities related to the offer and sale of franchises" in Washington. In response, Heytea claimed the Bellevue Heytea location was operating under a licensing agreement, not a franchise agreement, and did not require registration.

19. From August 2024 to June 2025, Heytea asked DFI to provide various exceptions or alternative arrangements to bypass certain franchising requirements, including Heytea's deferral or escrowing franchise fees as well as its retention of an accounting firm certified under the Public Company Accounting Oversight Board. DFI did not provide any exceptions. Heytea then submitted a revised application and Financial Disclosures Document on June 5, 2025, and ultimately agreed that it would defer collecting franchise fees until it fulfilled its obligations under franchising agreements.

20. On June 24, 2025, DFI issued a third comment letter which continued to note significant deficiencies in Heytea's application. The most critical deficiency was DFI's discovery of another unauthorized Heytea franchise located in the South Lake Union neighborhood of Seattle. DFI repeated its request that Heytea "describe any activities related to the offer and sale of franchises in Washington." Heytea claimed that the South Lake Union location operated under substantially the same licensing arrangement as the Bellevue location and therefore did not need franchise registration. To further assuage DFI's concerns about unauthorized franchises, Heytea reiterated on September 8, 2025 that Heytea had "not offered or sold any franchises in the State of Washington."

21. After reviewing Heytea's arrangements with the Bellevue and South Lake Union locations, DFI referred Heytea's application file to its Enforcement Unit to investigate suspected violations of Washington's franchising laws. DFI's referral notes that Heytea's franchising practices are currently under investigation in at least one other state, Maryland, where regulators

COMPLAINT - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

have indicated that a consent order is likely. HT Redmond is informed and, on that basis believes, that Heytea duped the owners of both the Bellevue and South Lake Union Heytea locations into executing franchise agreements, despite the fact that Heytea was not a Washington franchisor. Likewise, HT Redmond is informed, and on that basis believes, that after DFI discovered these purported franchises, Heytea coerced these facilities' owners to execute backdated, fraudulent licensing agreements—the same agreements Heytea showed DFI as proof Heytea was not franchising in Washington.

22. For nineteen months, Heytea was in regular contact with DFI regarding potentially securing a license to be a Washington franchisor. At no time during this process did DFI state or even suggest that Heytea was or would ever be a Washington franchisor. To the contrary, DFI repeatedly warned Heytea that it was not a licensed franchisor and under no circumstances could it offer or sell a franchise in the state of Washington. Despite this fact, and as described below, Heytea knowingly and fraudulently held itself out to HT Redmond as a Washington franchisor.

**B.  Heytea Solicits and Secures HT Redmond As Supposed Franchisee.**

23. In June 2023, HT Redmond applied, through Heytea's website, to become a Washington franchisee. In December 2023, Heytea collected a $20,000 franchise deposit from HT Redmond and subsequently issued a purported franchise authorization letter for the exclusive right to operate a Bellevue franchise. HT Redmond discovered that the same purportedly exclusive authorization had been given to multiple other prospective Heytea franchisors. HT Redmond could not secure a lease in Bellevue after lessors expressed concerns that multiple companies were claiming to be exclusively representing Heytea in that area. With Heytea's authorization, HT Redmond was forced to ultimately sign a lease in Redmond, Washington. On July 18, 2024, Heytea compelled HT Redmond to pay an additional $38,000 for its franchise fee and the Parties subsequently executed the Purported Franchise Agreement on July 27, 2024.

COMPLAINT - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

24. There was no question that Heytea saw and conducted itself as a franchisor, if not the shadow operator, of HT Redmond's facility. Throughout the construction, training and pre-opening process, Heytea consistently and repeatedly directed HT Redmond to ignore the law, their own contractual obligations, or both. Consider the following:

*(i)   Construction & Employee Preparation: February to October 2025*

25. Between February to October 2025, HT Redmond commenced and completed construction of the Redmond franchise.

26. During this time, Heytea unlawfully exercised control over operations. This included requiring HT Redmond to purchase goods and equipment from Heytea that did not meet food safety standards and that posed food safety risks, and subsequently demanding that HT Redmond lie to health regulators about the goods and equipment it was using and requiring HT Redmond to purchase essential materials and equipment from Chinese suppliers without providing required U.S. invoices.

27. In addition, HT Redmond subsequently discovered that certain food ingredients required by and purchased through Heytea appeared to be mislabeled, inaccurately state the ingredients, and otherwise not meet US regulatory requirements.

28. In June 2025, Heytea required several HT Redmond employees to attend a three-week management training in China. During the training, Heytea subjected these employees to invasive and unreasonable medical exams. Heytea enforced these exams over an HT Redmond representative's objections that such actions violated her privacy rights.

*(ii)   Pre-opening: October 2025*

29. As HT Redmond prepared for opening, Heytea continued to mandate unreasonable conditions under the guise of enforcing brand standards, including:

- requiring HT Redmond to purchase materials and equipment through an internal system that hid prices until after HT Redmond placed the order;

COMPLAINT - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

- charging additional hidden fees on the sale of products;
- exercising unreasonable oversight over HT Redmond's hiring of employees; and
- requiring HT Redmond, with little notice, to host unplanned events and promotions at HT Redmond's expense, including an event where Heytea contacted HT Redmond's employees directly at 11 PM to demand they return to the facility to host a photoshoot early the next morning.

30. Heytea was a difficult entity with which to do business and did not treat its purported franchisee in a manner consistent with Washington law or the Purported Franchise Agreement. HT Redmond, however, continued to invest substantial time, effort and money in hopes of recouping its investments and securing profits. In November 2025, HT Redmond discovered something that completely undermined its ability to secure *any* return on its investments. Despite Heytea representing—for a period of *two years*—that it was a Washington franchisor, Heytea was never (and likely would never be) legally able to offer a franchise. HT Redmond brings this action to rectify Heytea's illegal and fraudulent conduct.

## V. CAUSES OF ACTION

### COUNT I
### Violation of Washington Franchise Investment Protection Act
### Offering Violations as to All Defendants

31. HT Redmond realleges and incorporates by reference to the foregoing paragraphs of the Complaint as though fully set forth above.

32. Defendants collectively operated as a "franchisor" under RCW 19.100.010(10) and marketed, offered, and sold HT Redmond a "franchise" under RCW 19.100.010(6).

33. Defendants violated Washington's Franchise Investment Protection Act ("FIPA") in marketing, offering, and selling HT Redmond a Heytea franchise without complying with the requirements of RCW 19.100 and WAC 460-80. For example:

COMPLAINT - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

a. Defendants sold HT Redmond a franchise without an effective registration under RCW 19.100.020, RCW 19.100.030, and WAC 460-80.

b. Defendants sold HT Redmond a franchise without first providing HT Redmond with a sufficient disclosure document under RCW 19.100.080 and WAC 460-80. Defendants also materially altered their disclosure document after discussions with DFI and failed to provide an updated disclosure document to HT Redmond.

c. Defendants advertised franchise offerings without filing under RCW 19.100.100.

34. Defendants violated RCW 19.100.170(1)–(4), RCW 19.100.110, and RCW 19.86 by making materially untrue statements and omitting material information in connection with the advertising, offer, and sale of the Heytea franchise to HT Redmond. Defendants offered and sold HT Redmond a franchise by representing that they were a franchisor and omitting that they were not authorized to franchise in Washington, that they had agreed with DFI that they would not offer or sell franchises in Washington, that DFI found substantial deficiencies in Heytea's disclosure document and registration, that DFI refused to grant Defendants a franchise registration, and that Defendants' offer and sale constituted FIPA violations. Defendants misstated the number of franchises they had in other states and omitted that they had sold franchises in Washington and other states where they did not have effective registration.

35. As a result of Defendants' misrepresentations and omissions, HT Redmond purchased a Heytea franchise from Defendants and suffered damages in an amount to be proven at trial.

36. Defendants violated RCW 19.100.170(5) by continuing to sell a franchise to HT Redmond after agreeing with and being directed by DFI not to offer or sell franchises until registration was complete.

37. As a direct and proximate result of these violations of RCW 19.100, HT Redmond has suffered damages in an amount to be determined at trial, and requests rescission and voiding

COMPLAINT - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

of the Purported Franchise Agreement and related agreements, treble damages, and attorneys' fees and costs pursuant to RCW 19.100.190.

## COUNT II
### Violation of Washington Franchise Investment Protection Act
### Bill of Rights Violations as to all Defendants

38. HT Redmond realleges and incorporates by reference to the foregoing paragraphs of the Complaint as though fully set forth herein.

39. Throughout the course of HT Redmond's franchise relationship with Defendants, Defendants have committed numerous violations of RCW 19.100.180 (the "Bill of Rights").

40. Defendants violated 19.100.180(1) by failing to deal with HT Redmond in good faith, including by failing to disclose Defendants' ongoing discussions with the DFI; 19.100.180(2)(d), by selling products and services for more than a fair and reasonable price; and 19.100.180(2)(h), by imposing unreasonable or unnecessary standards of conduct on HT Redmond. For example, Defendants required HT Redmond to:

 a. purchase equipment that did not meet U.S. regulatory requirements and alter records in submissions to regulators;

 b. undergo unreasonable testing and training; and

 c. comply, at the last minute, with Heytea's own marketing directives at HT Redmond's expense.

41. Defendants violated 19.100.180(2)(a) by restricting or inhibiting the right of franchisees to join an association of franchisees. Defendants required HT Redmond to agree not to join with other franchisees in actions against Defendants.

42. Defendants violated 19.100.180(2)(b) by requiring franchisees to purchase goods and services exclusively from Defendants without showing that Defendants' limitation on purchases were reasonably necessary, could be justified on business grounds, and did not substantially affect competition. Defendants required HT Redmond to purchase exclusively from

COMPLAINT - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Heytea without justifying that decision and failed to disclose prices on certain purchases until after an order was submitted.

43. Defendants violated RCW 19.100.180(g) by requiring HT Redmond to assent to releases or waivers that would relieve Defendants from requirements under RCW 19.100.

44. As a direct and proximate result of Defendants violations of RCW 19.100.180, HT Redmond has suffered damages in an amount to be determined at trial, and requests rescission and voiding of the Purported Franchise Agreement and related agreements, treble damages, and attorneys' fees and costs pursuant to RCW 19.100.190.

## COUNT III
## Fraud in the Inducement as to Heytea

45. HT Redmond realleges and incorporates by reference to the foregoing paragraphs of the Complaint as though fully set forth herein.

46. To induce HT Redmond to enter into the Purported Franchise Agreement, Heytea represented it was a franchisor in Washington, and intentionally concealed its ongoing discussions with the DFI, as detailed in paragraphs 16–22. In doing so, Heytea knowingly misrepresented and omitted material facts for the purpose of inducing HT Redmond to enter into the Agreement.

47. HT Redmond relied on Heytea's misrepresentations and omissions in deciding whether to sign the Agreement and proceed with a Heytea franchise.

48. HT Redmond was damaged by Heytea's misrepresentations and omissions.

## PRAYER FOR RELIEF

HT Redmond respectfully asks this Court to grant the following relief:

A. Rescission and voiding of the Purported Franchise Agreement and all associated agreements between HT Redmond and Defendants;

B. Judgment in favor of HT Redmond for damages in an amount to be proven at trial, in an amount exceeding $2 million;

COMPLAINT - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

C. An award of treble damages as authorized by RCW 19.100.190(3) or under any agreement, statute, or rule authorizing such award;

D. An award of attorneys' fees as authorized by RCW 19.100.190(3) under any agreement, statute, or rule authorizing such award; and

E. Such other and further relief as this Court deems just and equitable.

DATED this 15th day of December, 2025.

K&L Gates LLP

By: s/ Philip M. Guess
Philip M. Guess, WSBA #26765
Hannah R. Lukomski, WSBA #64550

K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Email: philip.guess@klgates.com
       hannah.lukomski@klgates.com

Attorneys for HT Redmond LLC

COMPLAINT - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022