THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HT REDMOND LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>HK HEYCHA LIMITED d/b/a HEYTEA, *et al.*,<br><br>                    Defendants. | CASE NO. C25-2572-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' motion to dismiss or in the alternative to compel arbitration (Dkt. No. 18). Having thoroughly considered the briefing and record, the Court GRANTS the motion in part and DISMISSES this case without prejudice pursuant to Rule 12(b)(1) as explained herein.

This case involves state law claims resulting from alleged misrepresentations in a purported franchise agreement between Plaintiff HT Redmond LLC and Defendants HK Heycha Ltd. d/b/a Heytea ("Heytea HK") and its U.S. counterpartt Heytea USA. (Dkt. No. 14 at 3–4.)[1] The franchise was for a Heytea-branded business involving a popular "new-style tea movement"

[1] Plaintiff's original complaint (Dkt. No. 1) involved slightly different parties. It named only Heytea HK and a Chinese national as defendants. (*See generally id.*) Through amendment, though, Plaintiff swapped the named defendants (adding Heytea USA and dropping the Chinese national) and switched the pleaded jurisdictional basis. (*Compare* Dkt. No. 1 at 1–4, with Dkt. No. 14 at 1–4.)

ORDER
C25-2572-JCC
PAGE - 1

of "teas indigenous to China." (*See* Dkt. No. 14 at 4–6.) Following Plaintiff's amendment, Defendants Heytea HK and Heytea USA move to dismiss or alternatively to compel arbitration, asking for dismissal pursuant to Rules 12(b)(1) and/or Rule 12(b)(6). (Dkt. No. 18.) Because, as described below, Plaintiff fails to establish this Court's subject matter jurisdiction, it limits its analysis to Defendants' Rule 12(b)(1) request (as this is the extent of the Court's jurisdictional authority).

"Federal courts are courts of limited jurisdiction, possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Plaintiff solely pleads diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(3). (Dkt. No. 14 at 4.)[2] This provision establishes this Court's jurisdiction over suits involving state law claims involving "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). According to the complaint, Plaintiff is a Washington limited liability company owned by a U.S. citizen and a Chinese citizen; Defendant Heytea HK is a Hong Kong limited company with its principal place of business in Hong Kong, and Defendant Heytea USA is a Delaware corporation with its principal place of business in California. (Dkt. No. 14 at 3–4.)

In moving to dismiss, Defendants contend that, based on the parties' pleaded citizenship, 28 U.S.C. § 1332(a)(3) fails to afford this Court jurisdiction over the controversy. (*See* Dkt. No. 18 at 5–8.) This is because, based on the authority summarized below, HT Redmond LLC is indeed a foreign party, by virtue of its Chinese citizen member (such that its U.S. member cannot provide diversity jurisdiction) to it. (*Id.*) (citing *Grupo Dataflux v. Atlas Glob. Group, L.P.*, 541 U.S. 567, 569 (2004); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). Thus, it cannot be the "additional part[y]" described in § 1332(a)(3). (*See* Dkt. No.

---

[2] Plaintiff, as the party invoking the Court's diversity jurisdiction, "bears the burden of . . . pleading . . . diversity jurisdiction." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

ORDER
C25-2572-JCC
PAGE - 2

22 at 3–5) (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1298 (9th Cir. 1985)). Meaning, Plaintiff, as a limited liability company, *takes on* the citizenship of its collective members rather than *steps into the shoes* of each individual member (*i.e.*, an aggregate vs. disaggregate approach).

In response, Plaintiff asks the Court to disregard its separate existence and consider the citizenship of each of its members, at least for purposes of § 1332(a)(3). (Dkt. No. 20 at 13–15.) This approach has some appeal. No doubt, "[a] limited liability company 'is a citizen of every state of which its owners/members are citizens.'" *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (quotation marks and internal citations omitted). But how that translates in a § 1332(a)(3) context, where a single LLC plaintiff with foreign and non-foreign members is on one side of the "v.," is an open question.

The Ninth Circuit Court of Appeals has not provided definitive guidance or authority. So Plaintiff cites to *Tango Music, LLC v. DeadQuick Music, Inc.*, where the Seventh Circuit Court of Appeals held that the sole plaintiff in that case, a limited liability company owned by a New Jersey citizen and a U.K. citizen, satisfied the diversity requirement(s) because its U.K. citizen member could be considered as an "additional part[y]," along with a U.K. citizen defendant. *See* 348 F.3d 244, 245 (7th Cir. 2003) (citing 28 U.S.C. § 1332(a)(3)). Plaintiff also cites two lower cases adopting this same reasoning. (*See* Dkt. No. 20 at 14–15) (citing *Digital Media Sols., LLC v. Zeetogroup, LLC*, 2024 WL 1268164, slip op. at 3–4 (S.D. Cal. 2024); *Hil-Tech, LLC v. Shree Mahalaxmi Industries*, 2023 WL 4602738, slip op. at 4 (S.D. Tex. 2023)).

However, as Defendants note, most courts that have looked at the issue have rejected *Tango*'s reasoning. (*See* Dkt. No. 22 at 3) (citing, *e.g.*, *FPACP4 LEX, LLC v. Stantec, Inc.*, 586 F. Supp. 3d 824, 826 (N.D. Ill. 2022). This includes *New York Metro. Regl. Ctr., L.P. II v. Mammoet USA Holding, Inc.*, which notes that *Tango* predates *Grupo Dataflux*, where the Supreme Court held that, like a limited liability company, "a partnership 'is a *single* artificial entity' for purposes of the diversity statute." 552 F. Supp. 3d 451, 456 (S.D.N.Y. 2021) (quoting

ORDER
C25-2572-JCC
PAGE - 3

541 U.S. at 569) (emphasis added). This would suggest that, for § 1332 purposes, a limited liability company takes on the collective citizenship of its members (but does not step into their individual shoes).

The Court rejects *Tango* for another reason: it is inapt. There, the foreign defendant was not the "principal defendant." 348 F.3d at 245. Whereas here, Heytea HK is. It is the entity Plaintiff purportedly entered into a franchise agreement with. (*See* Dkt. No. 14 at 7–9.) It is the entity who allegedly failed to comply with Washington's franchisor laws. (*Id.* at 7–13.) And for these and other reasons, it is the entity Plaintiff initially sued. (*See* Dkt. No. 1 at 3–4.) Plaintiff only added Heytea USA as a defendant on amendment, (*see* Dkt. No. 14 at 4), once Heytea HK moved to dismiss pursuant to Rule 12(b)(1), (*see* Dkt. No. 10 at 1). Heytea HK is not an "additional" defendant—Heytea USA is.

For all of these reasons, the Court must find Plaintiff has failed to plead subject matter jurisdiction. Accordingly, Defendants' motion to dismiss or, in the alternative, to transfer (Dkt. No. 18) is GRANTED in part. The portion of Defendants' motion seeking dismissal pursuant to Rule 12(b)(1) is GRANTED. This case is DISMISSED without prejudice.[3]

DATED this 23rd day of March 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[3] The Court declines to reach the remainder of Defendants' motion.

ORDER
C25-2572-JCC
PAGE - 4